The last case on today's docket is the case of People v. Derrick Klincar and we have Mr. Danny Evans with the appellant and Mr. Coleman with the appellate, you may proceed. Good afternoon, your honors. This is a case of People v. Derrick Klincar and it involves the use by the state and primarily we're arguing all about section 115-10.1 of the Code of Criminal Procedure, section of the Code of Criminal Procedure that allows for the introduction of prior inconsistent statements by a witness as substantive evidence and to trial. We're raising three arguments in the brief. Insufficiency of the evidence, the only evidence against Derrick was the prior inconsistent statement of the state's witness, Sidney, who did not testify to any sexual acts that would allow for conviction of predatory criminal sexual assault or aggravated criminal sexual abuse in this case. We're also arguing in argument three of our brief that he should be granted new trial because substantial portions of evidence that was admitted in People's Exhibit 2 was not properly admitted because there was no proper foundation for the statements that were admitted. And that they were not acknowledged by Sidney as being made by her. And in section one of the brief, we argue that section 115-10.1 is unconstitutional and a denial of due process and equal protection to defendants in criminal cases because this statute does not apply to civil cases. The old civil rule that prior inconsistent statements are not admissible as substantive evidence is still good law and this places criminal defendants at a disadvantage to comparison of a civil defendant and that, we argue, is a denial of due process. If the court wants to ask any questions about any one of the arguments, I would be glad to speak with you. Otherwise, I'm going to start about the insufficiency of the evidence. He was convicted of two counts of predatory criminal sexual assault and one count of aggravated criminal sexual abuse because of statements made by Sidney W. on her MySpace page. What occurred is that the chief of police of St. Elmo reviewed a lot of the MySpace pages to see what was going on in his town, thought that these things should be looked at, gave a printed out copy of the MySpace page to a state police investigator and he went and spoke with Sidney. In these pages, she made certain statements that would lead you to believe that Derek and her had sexual intercourse and oral sex and that digital penetration had occurred, all of which resulted in three different convictions, resulting in a total of 15 years in prison, which is fairly significant for this. And a significant loss of liberty. Now, at trial, Sidney comes in and testifies that no sex occurred and no sexual acts. She did not participate in any sexual acts and that the defendant did not perform any sexual acts whereupon the state introduced these MySpace pages where she said, yes, I wrote that, but I was just looking for attention at the time for she testified that she did not remember writing those things. All of which gets to the problem of you have these statements by a 12-year-old at the time and then when she's put at trial under oath, she denies that any of those sexual acts occurred. We would argue that in this case, under these circumstances, the evidence should be insufficient because all you're doing is taking the writings and statements of a 12-year-old at a time at which you have no idea what's going on with her and elevating it to enough to put Derek in prison for 15 years. When she's placed under oath, when she is put in a courtroom where she is faced with the gravity of what is going on, she denies that those sexual acts occurred. Consequently, we would argue that the evidence must be found to be insufficient to sustain the conviction because there's really no corroboration of what is going on. There is nothing physical that corroborates that some sexual act occurred. Derek did not confess to any acts that occurred. There are simply these statements made by Sidney long before trial and in which she's 12 years old and we just cannot be sure about why she is making these statements now. She also talked with the police investigator, the state police investigator, and he testified that he asked her whether she was telling the truth or making this up or boasting and he testified that she said that she was telling the truth. But again, she's 12 years old and she's faced by a police investigator and she can be worried about all those things that she might get in trouble for writing incorrect things. So she might tell people that indeed it was true. And then later on the police investigator comes back and has her sign his report and this is how they get the statement in. And indeed she signs that report, thereby allowing under the statute a statement signed by her. But one of the really interesting things about that is that all through that report her name is misspelled. Her name is S.Y. Sidney with a Y. All through that report it is S.I. and she testified that she just kind of glanced at it, thought that's what she should sign and therefore signed it. Again, she's 12 years old and what is she doing? To place reliance upon that in a conviction which 15 years is imposed is simply wrong, I believe. In terms of the new trial argument, we'd argue that a lack of foundation for People's Exhibit 2 that printed out probably at MySpace page requires a new trial and that is because she did not acknowledge making some of those statements. It's just an assumption. It's on her MySpace page. She must have made it. The state did not make the connections that would be necessary for the admission of that evidence. The state simply assumes that they're going to be able to get it in because it's on her MySpace page, that it has her picture and name on it and that therefore nobody else could have made entries into that. And this is a rarely used area of the law. This is something in which I have not found exactly how you have to identify and produce for the foundation. But there has to be more than her saying, I don't remember that I wrote that and they're just presenting this as something that she indeed must have written. And consequently we would argue that he was denied a fair trial and you would need to reverse and remand for a new trial. On the constitutionality of the statute, this Court has addressed this kind of issue in previous appeals and has rejected it. And I'll deal with that a little bit later. Thank you. Your Honors, Counsel, it's well settled that the Illinois legislature has the authority to prescribe rules of evidence and to alter rules of evidence. And the Illinois legislature has done so in section 115-10.1 and it has made certain statements, prior inconsistent statements, admissible substantively under certain circumstances. Now, I'm aware of this Court's opinion in Parker, since it was my case, and I'm aware of the opinions in Arcos and Brown, which find that a prior inconsistent statement admitted substantively under 115-10.1 is insufficient unless it's corroborated where the witness testifies and repudiates that prior statement. Now, I'm asking this Court to overrule or at least limit Parker to its facts for the following reasons. One, this evidence is admissible substantively. The Illinois legislature had the authority to make it so. When it gets there before the jury, it is the jury's role to decide which time the witness was telling the truth. That's an issue of credibility. And it's also the jury's role to weigh such evidence when it gets before it. This is admissible substantively. There is no reason to require corroborative evidence because it invades the role of the jury. And for that reason, Parker was either wrongly decided or should be limited to its fact. But in this case, there were two statements that were admitted substantively. Both of them met the criteria for admission under 115-10.1. The People's Exhibit 1, which was the statement that the victim signed, met that criteria because the statement, the prior inconsistent statement has to be made under oath at trial or hearing or other proceeding or narrate or describe, explain in advance or condition in which the witness had personal knowledge. And the statement is proved to be written or signed by the witness. Exhibit 1 was proved to have been signed by the witness. It was admissible, therefore, under this statute and it was the jury's role at that point in time to decide because they have this witness in front of them. A court that demands corroboration does not have the ability to weigh that witness's credibility. This jury had the witness before them and could weigh whether this witness by her demeanor is credible when she denies the former statement. Now, as far as People's Exhibit 2, that was the victim's MySpace page. It described events of which she had personal knowledge and it was proven to have been written by the victim. She acknowledged many of the statements on People's Exhibit 2. She acknowledged making them. The other ones, she didn't deny she made them. She didn't claim that somebody else made them. She said, I just don't remember making them. All that does is make her statements on that MySpace page inconsistent with what she's testifying to at trial. I don't remember making them. But there's no, the people proved that this MySpace page, the printout of it, was written by the victim. Therefore, it is admissible under 115. How did you prove it was written by her when she couldn't remember? Most of it she acknowledged she wrote. And she acknowledged it was her MySpace page. But the rest, some of them, when it got to her descriptions of actual sexual activity, she said, oh, I can't remember making them. But she didn't deny she made them. She just said, I can't remember. Now that is what, that is a basis for inconsistency. A lot of times a witness will get up and be confronted with something, a statement that is signed by them and they will say, I don't recall it. That's inconsistent. And that's the inconsistent part that's required by 115-10.1. But as far as the MySpace page itself, she acknowledged that's hers. She didn't previously testify that she had made that statement and now she doesn't remember it. What's she inconsistent with when she says she doesn't remember it? She's inconsistent with her other, well, it's inconsistent with statements that she made. Well, okay, let's look at what she remembered and what she didn't remember. What she's saying is she admits this is her MySpace page and that she has written most of the entries. She's just saying, I can't remember if I wrote these entries. But she's not denying that she could have been the one who wrote them. She's not saying someone else wrote them. So in that sense, you know, the MySpace page, the vast majority of it, she's acknowledged only some things did she say I can't remember. So it is a writing in its entirety which is acknowledged to have been written by the victim. So in that sense, it was probably, it was proved that it was written by her. She just would say I can't recall writing it. She didn't deny she wrote it. She just said I couldn't recall writing it. It's a little different because the foundation that we're looking at now is did she write it? Did she write the MySpace page entries? Was it her writing? Okay, so it's different than a handwritten thing. I mean, it has to be different. If you've got somebody that wrote something continuous that's in their handwriting and you can show that it's in their handwriting, then it would be inconsistent. You're talking about authentication. Yes, the new Illinois Rules of Evidence which aren't necessarily applicable to this deal with that circumstance of a printout of an electronically recorded writing. And that's new Illinois Rule of Evidence 1001. And you say it's not? No, it doesn't. So I'm just for your information explaining that. Picking up on what Justice Donovan said, how is it inconsistent if she says I can't recall that I wrote that? No, you have to back off one step. You have the MySpace page as a whole. Most of the entries she acknowledges that she made. Some of them she says I can't remember. So as a whole, I can't remember making them. She says I can't remember writing this entry. But as a whole, the document, if you think of it as a, it's like having a document that you had acknowledged that you wrote, but you just can't remember writing part of it. But it's not quite the same because there's give and take and you put stuff up and then you put other stuff up and it's not like a written document or even a typed letter. It is in the sense that she acknowledged this is her MySpace page and she acknowledged making most of the entries, she just couldn't remember all of them. So it's not, we're not talking about having to prove something beyond a reasonable doubt here. We're talking about a foundation and to prove that it is a writing made by the victim. So we have the two statements and they were proven up under the statute and admitted substantively. Besides that, we have multiple witnesses that were with the victim and with the defendant over the course of an afternoon and an evening and into the night. The victim herself testified that the defendant took her in the car to buy vodka along with some other children and that she drank the vodka. Other people witnessed her being very drunk and she doesn't deny that the defendant who is 21 or 22 at this point in time, she's 12. He's permitted her and he supplied her with vodka. She is quite drunk and he takes her out alone in the car after dark to a secluded spot. Reasonable inference from that circumstance is that he did not have a good purpose. Thank you. Mr. Evers, do you have a rebuttal? Yes, thank you. The state has asked, Your Honors, to overrule or limit that Brown case. There are those three cases that we cite in the brief for the proposition that the evidence can't be insufficient based upon recanted statements. We would argue that Brown really is a much better case for the state than this case and that, at least in Brown, you had some other things going on that helped to satisfy maybe there might be some corroboration going on. But in this case, there really is no corroboration of the offense that a sexual act took place. Now, we have no doubt that Sidney was with Derek and that there was a party going on and that Sidney got drunk and that she said that they went out driving around. But that some sexual act took place, there is no corroboration of that. And that a 12-year-old could fabricate, gee, that's not unusual, and might say on his Facebook page things that are not true, that's not unusual. And so when it comes to trial, when she's faced to testify under oath, then that's where real important things are occurring. And to allow for a conviction to be affirmed based upon simply statements that she made long before and then repudiated while under oath, and there's no corroboration and no thing to really show that it occurred, I believe that this Court should reverse. In terms of your concerns about whether she is the one who wrote those statements in her MySpace page, again, those concerns are very real in this case because the State did not bother to go further than the assumption that everything on her MySpace page was written by her. She acknowledged that she did write some things, that she was looking for attention, and her phraseology on some of, and it was substantial portions, the statements say most of the statements were acknowledged. That's not really true. Probably more than what she denied remembering and denied saying that she wrote. I mean, she said, I do not remember writing that. She did not acknowledge that she wrote that. And so the foundational questions are real problems in this case, and admitting that the MySpace page exhibit to the jury with them in it caused reversible error where this Court should reverse and remand for a new trial. In terms of the constitutionality of the statute, again, to say that this statute is constitutional, you have to say we care more about money than we do about putting somebody in prison. And in a civil case, the defendant in a civil case has got this amount of protection, and somebody gets thrown in jail is down here in Illinois law, and that is just wrong. You have to come out and you have to say in the decision, we care more about money than putting people in prison. And that is what the state of the law is. The state does not deny that civil litigants are up here. They say there's a perfectly rational basis for doing that, except that rational basis conflicts with our moral code and our legal code about requiring proof beyond a reasonable doubt to put a person in prison, and this is just different. I have to admit that if the rule was the same for both civil defendants and criminal defendants, then I do not have a problem with that. It's a matter of equal protection and due process. You can do that, but since the Illinois Supreme Court has not done that, has not done that in the new Illinois rules of evidence, the rule of evidence is the same now, written the same as the statute. You still have somebody up here who is only fighting for money, who is protected this much, and the poor defendant, my client, sent to prison for 15 years, is down here saying, why am I being treated differently? Thank you, Your Honor. Thank you, Mr. Edwards.